UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| Walter Branson Bennett, *pro se*<br>21 East Oregon Street No. C<br>Evansville, Indiana 47711<br><br>Plaintiff<br>vs<br><br>\Becky Ponatosai<br>Hanson Corporation/ Electro Craft<br>901 South First Street<br>Princeton, Indiana 47670<br><br>Defendant<br>and<br><br>Does 1-10 | Case No. 3-23-cv-0008-RLY-MPB<br><br>**FILED**<br>JAN 25 2023<br>U.S. DISTRICT COURT<br>EVANSVILLE, INDIANA<br><br><br><br>AGE DISCRIMINATION |

**CIVIL COMPLAINT: DISCHARGE POLICY OF REMOVAL OF QUALIFIED OLDER EMPLOYEE FROM TWO SEPAR EMPLOYMENT POSITIONS, SUBSTANTIVE OBLIGATION**
**REQUEST FOR RELIEF, REMEDIES FOR VIOLATIONS**

---

This case arises under ADEA OF 1967 29 U.S.C.A. 621*et seq.*, Rule 7(b); Civil Rights Act of 1991*et seq*

I, Walter Branson Bennett am the Plaintiff, *pro se,* who was seventy-four years old at the time of the above referenced matter. Until May 13, 2022, Seventy-four year old Plaintiff was the oldest employee in the plant located at:901 South First Street, Princeton, Indiana 47670.

Any person aggrieved may bring a civil action in any Federal district court of competent jurisdiction for such legal or equitable relief as will effectuate the purposes of this chapter. Both defendant business organizations conduct commerce in Orange County, Indiana. The incidents in this Complaint primarily occurred in Orange County, Indiana. The location venue is in Orange County, Indiana.

Defendant has more than 100 employees.

Excerpts from The Age Discrimination In Employment Act Of 1967 29 U.S.C.A. 621.

# The Age Discrimination in Employment Act of 1967

*EDITOR'S NOTE: The following is the text of the Age Discrimination in Employment Act of 1967 (Pub. L. 90-202) (ADEA), as amended, as it appears in volume 29 of the United States Code, beginning at section 621. The ADEA prohibits employment discrimination against persons 40 years of age or older. The Older Workers Benefit Protection Act (Pub. L. 101-433) amended several sections of the ADEA. In addition, section 115 of the Civil Rights Act of 1991 (P.L. 102-166) amended section 7(e) of the ADEA (29 U.S.C. 626(e)). Cross references to the ADEA as enacted appear in italics following each section heading. Editor's notes also appear in italics.*

An Act To prohibit age discrimination in employment. Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled, that this Act may be cited as the "Age Discrimination in Employment Act of 1967."

\* \* \*

**CONGRESSIONAL STATEMENT OF FINDINGS AND PURPOSE SEC. 621.** *[Section 2]*
  (a) The Congress hereby finds and declares that-(1) in the face of rising productivity andaffluence, older workers find themselves disadvantaged in their efforts to retain employment, and especially to regain employment when displaced from jobs;(2) the setting of arbitrary age limits regardless of potential for job performance has become a common practice, and certain otherwise desirable practices may work to the disadvantage of older persons;(3) the incidence of unemployment, especially long-term unemployment with resultant deterioration of skill, morale, and employer acceptability is, relative to the younger ages, among older workers; their numbers are great and growing; and
  (b) their employment problems grave;(4) the existence in industries affecting commerce, of arbitrary discrimination in employment because of age, burdens
  (c) commerce and the free flow of goods in commerce.(b) It is therefore the purpose of this chapter to promote employment of older persons based on their ability rather than age; to prohibit arbitrary age discrimination in employment; to h bbnbnemployers and workers find ways of meeting problems arising from the impact of age on employment.

**EDUCATION AND RESEARCH PROGRAM; RECOMMENDATION TO CONGRESS**

SEC. 622. *[Section 3]*

(a) The EEOC *[originally, the Secretary of Labor]* shall undertake studies and provide information to labor unions, management, and the general public concerning the needs and abilities of older workers, and their potentials for continued employment and contribution to the economy. In order to achieve the purposes of this chapter, the EEOC *[originally, the Secretary of Labor]* shall carry on a continuing program of education and information, under which he may, among other measures-

(1) undertake research, and promote research, with a view to reducing barriers to the employment of older persons, and the promotion of measures for utilizing their skills;

(2) publish and otherwise make available to employers, professional societies, the various media of communication, and other interested persons the findings of studies and other materials for the promotion of employment;

(3) foster through the public employment service system and through cooperative effort the development of facilities of public and private agencies for expanding the opportunities and potentials of older persons;

(4) sponsor and assist State and community informational and educational programs.

(b) Not later than six months after the effective date of this chapter, the Secretary shall recommend to the Congress any measures he may deem desirable to change the lower or upper age limits set forth in section 631 of this title *[section 12]*.

**PROHIBITION OF AGE DISCRIMINATION SEC. 623.** *[Section 4]*
   (a) Employer practices It shall be unlawful for an employer-(1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age;(2) to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age; or(3) to reduce the wage rate of any employee in order to comply with this chapter.(b) It shall be unlawful for an employment agency to fail or refuse to refer for employment, or otherwise to discriminate against, any individual because of such individual's age, or to classify or refer for employment any individual on the basis of such individual's age.(c) Labor organization practices It shall be unlawful for a labor organization(1) to exclude or to expel from its membership, or otherwise to discriminate against, any individual because of his age;(2) to limit, segregate, or classify its membership, or to classify or fail or refuse to refer for employment any individual, in any way which would deprive

or tend to deprive any individual of employment opportunities, or would limit such employment opportunities or otherwise adversely affect his status as an employee or as an applicant for employment, because of such individual's age;(3) to cause or attempt to cause an employer to discriminate against an individual in violation of this section(d) Opposition to unlawful practices; participation in investigations, proceedings, or litigation It shall be unlawful for an employer to discriminate against any of his employees or applicants for employment, for an employment agency to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because such individual, member or applicant for membership has opposed any practice made unlawful by this section, or because such individual, member or applicant for membership has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under this chapter.(e) Printing or publication of notice or advertisement indicating preference, limitation, etc.It shall be unlawful for an employer, labor organization, or employment agency to print or publish, or cause to be printed or published, any notice or advertisement relating to employment by such an employer or membership in or any classification or referral for employment by such a labor organization, or relating to any classification or referral for employment by such an employment agency, indicating any preference, limitation, specification, or discrimination, based on age.(f) Lawful practices; age an occupational qualification; other reasonable factors; laws of foreign workplace; seniority system; employee benefit plans; discharge or discipline for good cause It shall not be unlawful for an employer, employment agency, or labor organization-(1) to take any action otherwise prohibited under subsections (a), (b), (c), or (e) of this section where age is a bona fide occupational qualification reasonably necessary to the normal operation of the particular business, or

(b) where the differentiation is based on reasonable factors other than age, or where such practices involve an employee in a workplace in a foreign country, and compliance with such subsections would cause such employer, or a corporation controlled by such employer, to violate the laws of the country in which such workplace is located;(2) to take any action otherwise prohibited under subsection (a), (b), (c), or (e) of this section—(A) to observe the terms of a bona fide seniority system that is not intended to evade the purposes of this chapter, except that no such seniority system shall require or permit the involuntary retirement of any individual specified by section 631(a) of this title because of the age of such individual; or(B) to observe the terms of a bona fide employee benefit plan-i) where, for each benefit or benefit package, the actual amount of payment made or cost incurred on behalf of an older worker is no less than that made or incurred on behalf of a younger worker, as permissible under section 1625.10, title 29, Code of Federal Regulations (as in effect on June 22, 1989); or(ii) that is a voluntary early retirement incentive plan consistent with the relevant purpose or purposes of this chapter. Notwithstanding clause (i) or (ii) of subparagraph (B), no such employee benefit plan or voluntary early retirement incentive plan shall excuse the failure to hire any individual, and no such employee benefit plan shall require or permit the involuntary retirement of any

individual specified by section 631(a) of this title, because of the age of such individual. An employer, employment agency, or labor organization acting under subparagraph (A), or under clause (i) or (ii) of subparagraph (B), shall have the burden of proving that such actions are lawful in any civil enforcement proceeding brought under this chapter; or (3) to discharge or otherwise discipline an individual for good cause.(g) *[Repealed]* (h) Practices of foreign corporations controlled by American employers; foreign employers not controlled by American employers; factors determining control(1) If an employer controls a corporation whose place of incorporation is in a foreign country, any practice by such corporation prohibited under this section shall be presumed to be such practice by such employer.(2) The prohibitions of this section shall not apply where the employer is a foreign person not controlled by an American employer.(3) For the purpose of this subsection the determination of whether an employer controls a corporation shall be based upon the-(A) interrelation of operations,(B) common management(C) centralized control of labor relations, and(D) common ownership or financial control, of the employer and the corporation.

### Rule 8 SHORT AND PLAIN STATEMENT FOR RELIEF:

**Plaintiff was an employee, employed by defendant. Plaintiff was satisfactorily performing his two separate job shifts at a level that met defendant's legitimate expectations for the weekly night die machine stamping and the weekend electrical welding (soldering) inspections.**

**No review of Plaintiff shifts work had been given to him. Yes, Plaintiff exceeded defendant's expectations for someone working in production. Plaintiff first worked as an industrial engineer many years ago.**

**Defendant Hanson Corporation willfully and intentionally discriminated against Plaintiff arbitrarily by using disparate patterns of Age Discrimination including omitting legal communications e.g. training plans and positive/supportive reviews.**

**Defendant Hanson Corporation activities, including firing from both shifts at the same time after the weekend shift Supervisor told Plaintiff that the weekend shift is always shorthanded, and to come any time.**

Plaintiff is aggrieved and seeks relief for these and other Harms.

## COUNT 1

**Rule 8 Short and Plain Statement:**

Defendant Hansen Corporation willfully and intentionally discriminated against Plaintiff by using arbitrarily disparate patterns of Age Discrimination toward Plaintiff. Defendant's actions towards Plaintiff are obvious, intentional Age Discrimination. Defendant's activities, including: (1) Two Discharges of Plaintiff; (2) No defendant explanations of Plaintiff's discharges. Nor, no defendant explanation of Plaintiff's discharges with particularity.

Proof that defendant discharged Plaintiff on account pf Age Discrimination is that no other employees Plaintiff's age are working there and/or advancing in the plant.

Under A.D.E.A, 29U.S.C.A., Sec 631`, et seq, Rule 7(b); Civil Rights Act of 1991 et seq., Plaintiff wants relief from Defendant forwillfully, substantially violating Plaintiff.
Plaintiff requests liquidated Damages, Consequential Damages, Punitive Damages, Arbitrary Damages, Willfull Damages for Relief from Defendant Hanson for $300,000.00 for this Partial list of Harms. Plaintiff reserves his right to alter, etc. this count by Relation back Procedure/Doctrine.

## COUNT 2

**Rule 8 Short and Plain Statement**

Defendant Hanson Corporation willfully and intentionally discriminated against Plaintiff by using arbitrarily disparate patterns of Age Discrimination toward Plaintiff. Defendant's actions toward Plaintiff are obvious intentional Age Discrimination. Defendant's willful activities, including(1) Plaintiff's jobs performance not rated during evaluation of other employees;(2) No evaluation during employment given to Plaintiff; (3_
No ADEA policy for educating Plaintiff as an older employee.
Defendant substantially violated ADEA, 29 U.S,C.A.,SEC 631 et seq; Civil Rights Act of 1991, et seq.
Plaintiff requests the Court for Relief and Order defendant Hanson Corporation for Procedural Remedies, Liquidated Damages, Consequential Damages, Punitive damages in the amount of $90,000.00.
Plus Double Damages all for a total of
$270.000.00.
Plaintiff reserves his right to alter, etc., this count by Relation Back Procedure/Doctrine.

Whereas Plaintiff Prays and Requests the Court to Rule in favor of Plaintiff for the following relief and remedies from Hanson Corporation:   Count 1 $300,000.00
                 Count 2 $270,000.00
        Total         $570,000.00
plus Costs


Under Federal Rule Civil Procedure 11, by signing below, I certify t0 the best of my knowledge, information, and belief that this complaint:  (1) Is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase cost of litigation  (2) Is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) The factual contentions have evidentiary support or, if specifically, been so identified, will have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the Complaint complies with the requirements of Rule11.

I agree to provide the Clerk's Office with changes to my address where case related papers may be served. I understand that my failure keep a current address on file with the Clerk's Office may result in the dismissal my case.

Plaintiff is not responsible for Post Office shortcomings.

                              Respectfully Submitted,

Signed on January 25, 2023.

                              _____

                              Walter Branson Bennett, pro se
                              21 East Oregon Street No. C
                              Evansville, Indiana 47711
                              Phone: 414 771-2270
                              Email: forbranson@yahoo.com